*799 OPINION.
LaNSdoN :
The record of this proceeding discloses that a material part of the petitioner’s income for each of the taxable years, and the taxable period in question, resulted from dividends received from investment of capital in stocks and bonds. We are of the opinion, therefore, that the petitioner is not entitled to personal service classification in any of the years as to which deficiencies are asserted by the respondent.
The petitioner argues that the investments of securities should be regarded as belonging individually to the stockholders of a personal service corporation, and in proportion to their stockholdings and that income therefrom in no way resulted from its business activities. In the case of Matteson Co. v. Willouts, 12 Fed. (2d) 447, the court said:
Any corporation claiming to be a personal service corporation must bring itself fairly •within the requirements of such an organization, as provided by law. Every corporation has full control of its own activities. It knows what the requirements of a personal service corporation are. It may comply therewith and easily keep within the limits thereof if it so choose, or it may not if it otherwise prefers. If it does not fairly observe and keep within the requirements of the law, it should not claim the benefits which the law confers. To nearly conrply with the law, or to come within hailing distance thereof, is. not enough.
*800 It was within, the power of this petitioner to distribute in kind or cash its surplus funds invested in income-bearing securities. It elected not to do so, and, as a consequence, the income so realized can only be regarded as income of the corporation from the use of capital. See Appeal of Seaboard Mills, Inc., 5 B. T. A. 575.
As an alternative contention the petitioner argues that the amount of its surplus invested in stock of other corporations should be included in its invested capital for excess-profits tax purposes. The evidence disclosed that, in computing the petitioner’s net income, the Commissioner gave full effect to the provisions of section 234(a) (6) of the Revenue Act of 1918, and the corresponding provisions of the Act of 1921. In the determination of the deficiencies here in question, no part of the income derived from investments in the stock of domestic corporations has been included in the petitioner’s net taxable income. Such investments, therefore, are inadmissible assets in the computation of statutory invested capital. On the alternative contention we, therefore, approve the determination of the Commissioner. Appeal of Securities Investing Fund, Inc., 1 B. T. A. 279; Appeal of Collins Co., 3 B. T. A. 1213.

Judgment wild be entered for the respondent.